**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN SCHMIGEL, an adult individual, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | Civil Action No._____ |
| v. | : | |
| | : | |
| MIROSLAV UCHAL, MD, FACS, an adult individual, | : | **COMPLAINT IN CIVIL ACTION** |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

Filed on Behalf of Plaintiff,
Brian Schmigel

Counsel of Record:

FLAHERTY FARDO, LLC
Firm I.D. #527

Noah Paul Fardo, Esquire
PA I.D. #83848

William F. Rogel, Esquire
PA I.D. # 203348

5541 Walnut Street
Pittsburgh, PA 15232

**JURY TRIAL DEMANDED**

Telephone No.:  (412) 802-6666
Fax No.:        (412) 802-6667
Email:       npf@pghfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN SCHMIGEL, an adult individual, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No._____ |
| v. | : | |
| | : | |
| MIROSLAV UCHAL, MD, FACS, an adult individual, | : | **COMPLAINT IN CIVIL ACTION** |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

**COMPLAINT IN CIVIL ACTION**

AND NOW comes the Plaintiff, Brian Schmigel, by and through his undersigned counsel Noah Paul Fardo, Esquire of Flaherty Fardo, LLC and files the within Complaint in Civil Action. In support thereof, Plaintiff avers as follows:

**PARTIES**

1.  Plaintiff, Brian Schmigel, is an adult individual residing in the Commonwealth of Pennsylvania, with a principal place of service at 27 Herron Avenue, Pittsburgh, PA 15202.

2.  Defendant Miroslav Uchal, M.D., F.A.C.S., is an adult individual residing in the State of Florida, with a principal place of business at 2 Shircliff Way, Suite 500, Jacksonville, FL 32204.

**VENUE AND JURISDICTION**

3.  Plaintiff brings this action in the United States District Court for the Western District of Pennsylvania because this Court has diversity jurisdiction, in that the Plaintiff is a citizen

of the Commonwealth of Pennsylvania, the Defendant is a citizen of the State of Florida, and the amount in controversy is in excess of $75,000.00.  28 U.S.C. § 1332.

4.  The procedure which is the subject of this lawsuit was performed by Defendant in Western Pennsylvania at the Western Pennsylvania Hospital in Pittsburgh, Pennsylvania.

## BACKGROUND

5.  Plaintiff investigated possible bariatric surgery as a means of losing weight.

6.  Plaintiff went to Defendant Doctor Miroslav Uchal for a laparoscopic adjustable gastric band procedure.

7.  At no point was Plaintiff informed that there was a possibility that the band would not be placed around his stomach and instead be just free floating in his abdomen.

8.  On or about May 10, 2010, Plaintiff underwent a laparoscopic adjustable gastric band procedure, which was performed by Defendant.

9.  On May 11, 2010, Defendant ordered a fluoroscopy and the medical records note that there was no contrast leak and that the band was in good position.

10.  Plaintiff did not lose weight, despite the surgery.

11.  Plaintiff contacted Defendant's office for a follow up appointment, but Defendant had relocated to Florida.

12.  Therefore, Plaintiff scheduled an appointment with Dr. Jorge Urbandt.

13.  Plaintiff made an appointment with Dr Urbandt on March 19, 2012, for an adjustment of the gastric band, which revealed possible band erosion.

14.  On or about March 27, 2012, Plaintiff underwent a CT scan, and Dr. Urbandt informed Plaintiff that the band was never placed around his stomach.

15. In addition, Dr. Urbandt and his Physician Assistant, Julie Maurer, reviewed Defendant's records from May 11, 2010, and confirmed to Plaintiff that the band was never placed around his stomach.

16. This was the first time that Plaintiff was aware that Defendant's initial surgery was not properly performed.

17. On or about October 19, 2012, Plaintiff underwent a band removal surgery, which was performed by Dr. Urbandt.

18. Dr. Urbandt noted in his operative report that the "band was not placed around the stomach," and that due to the scar tissue present, "it was not possible at this time to do a safe and good procedure in order to place a new band."

19. Plaintiff's options for future bariatric surgery are severely limited as a result.

## COUNT I
## NEGLIGENCE

20. The proceeding paragraphs are incorporated by reference as if set forth fully at length.

21. Defendant owed a duty of care to his patient, Plaintiff, Brian Schmigel.

22. Defendant breached that duty and was negligent in that he provided Plaintiff with medical care that fell below or deviated from acceptable standards of care, in one or more of the following ways:

    a.   in failing to position the band around the stomach;

    b.   in failing to place the band properly;

    c.   in allowing a foreign substance to remain free floating in Plaintiff's abdomen;

    d.   in failing to take adequate time in performing the surgery;

    e.   in failing to have adequate visualization in placing the band;

    f.  in using poor care and/or technique;

    g.  in failing to order proper studies to ensure proper placement of the band;

    h.  in failing to properly read post-operative diagnostic studies performed to determine the positioning of the band;

    i.  in failing to properly schedule follow up appointments with Plaintiff to monitor his condition; and/or

    j.  in failing to provide appropriate post-operative monitoring and care of Plaintiff, including but not limited to appropriate work-up and testing to determine the location of the band.

23. As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff has sustained the following injuries, all of which may be permanent in nature:

    a.  damage to his stomach and adjacent organs, including but not limited to scar tissue;

    b.  damage to his bones, joints, ligaments, and tendons;

    c.  additional surgeries;

    d.  damage to his general strength and vitality;

    e.  reduced ability to undergo the same or similar procedure in the future; and/or

    f.  greater risk of harm for future surgeries because of scar tissue and other anatomical changes resulting from the first flawed procedure.

24. Solely as a result of the aforesaid injuries, Plaintiff has been harmed, and is entitled by law to be compensated for his damages.  These damages include, but are not limited to:

    a.  Plaintiff has suffered pain and suffering, including but not limited to: physical pain; embarrassment; mental anguish; suffering; mental anxiety; shock; fright;

discomfort; humiliation; inconvenience; depression; distress; and loss of well being.

b.  Plaintiff has been, and will continue to be, required to expend large sums of money for surgical and medical attention, hospitalization, medical supplies, surgical appliances, medicines, and rehabilitative and attendant services;

c.  Plaintiff's general health, strength and vitality have been impaired;

d.  Plaintiff has been severely limited in his ability to enjoy the ordinary pleasures of life, which may continue indefinitely into the future;

e.  Plaintiff may require additional surgery, and ongoing treatment and care, as well as experiencing other pain and possible symptoms;

f.  Other damages allowable under Pennsylvania law, including but not limited to those items of damages set forth in Section 509 of the MCARE Act (40 Pa. C.S.A. § 1303.509); and

g.  As a further result of this incident, and by reason of the injuries sustained; Plaintiff has and may in the future continue to experience financial expenses or losses, including but not limited to loss of past, present and future earnings and/or potential earning capacity;

WHEREFORE, Plaintiff Brian Schmigel demands judgment be entered in his favor and against Defendant Miroslav Uchal in an amount in excess of $75,000.00, plus costs of suit, and any other such other damages as this Court may deem appropriate.

Respectfully submitted,

**FLAHERTY FARDO, LLC**

DATE: <u>March 19, 2014</u>         BY:      <u>*/s/ Noah Paul Fardo (efiled)*</u>
                                                Noah Paul Fardo, Esq.
                                                PA ID # 83848
                                                William F. Rogel, Esq.
                                                PA ID #203348

                                                5541 Walnut Street
                                                Pittsburgh, PA 15232
                                                Phone: (412) 802-6666