IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN SCHMIGEL,

    Plaintiff,

v.

MIROSLAV UCHAL, MD, FACS,

    Defendant.

14cv0358
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION**

This medical malpractice lawsuit is predicated upon diversity jurisdiction. Currently, before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. Doc. no. 6. Defendant's Brief in Support of his Motion to Dismiss (doc. no. 7), primarily contends that Plaintiff's failure to timely file a Certificate of Merit – required in medical malpractice cases in the Commonwealth of Pennsylvania – is fatal to this lawsuit. Plaintiff's timely filed Response to the Motion to Dismiss (doc. no. 10) admits the failure to file a Certificate of Merit, but claims this failure was merely an inadvertent clerical error. Defendant filed a Reply (doc. no. 11) and Plaintiff filed a Sur-Reply on this issue. Doc. no. 15. The matter is now ripe for adjudication.

**I. Standard of Review**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell*

1

*Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**II. Factual Background**

The facts of this case, taken as true solely for the purposes of adjudicating the pending Motion to Dismiss are:

Plaintiff elected to undergo bariatric surgery as a means of losing weight. Doc. no. 1, ¶ 5. Defendant, a Florida citizen and surgeon, performed a laparoscopic adjustable gastric band procedure on Plaintiff at West Penn Hospital in Pittsburgh, Pennsylvania, on May 10, 2010. Id., ¶¶ 6-8. Plaintiff did not lose weight despite the surgery. Id., ¶ 10. Plaintiff contacted Defendant's office for a post-operative follow up appointment, but Defendant had relocated to Florida. Id., ¶ 11.

Plaintiff next treated with Dr. Jorge Urbandt, who informed Plaintiff on March 27, 2012, that the band was never placed around his stomach. Id., ¶¶ 12, 14. Dr. Urbandt and his Physician Assistant, Julie Maurer, reviewed Defendant's records from May 11, 2010, and confirmed to Plaintiff that the band was never placed around his stomach. Id., ¶ 15. The band was "free floating" in his abdomen. Id., ¶ 7.

On October 19, 2012, Dr. Urbandt performed band removal surgery on Plaintiff, but due to scar tissue, Dr. Urbandt could not place a new band. Id., ¶¶ 17-18. Plaintiff alleges his options for future bariatric surgery are severely limited as a result. Id., ¶ 19.

As noted above, Defendant's Motion to Dismiss Plaintiff's Complaint suggests that Plaintiff's failure to file a Certificate of Merit ("COM") in tandem with his Complaint is fatal to his case. See generally, doc. no. 7.

Plaintiff's Response to the Motion (doc. no. 10) and Plaintiff's lawyer's affidavit attached to the Response (doc. no. 10-2), admits the failure to file the required COM, but argues that said failure should be excused.

**III. Discussion**

As noted above, this is a medical malpractice lawsuit brought by the Plaintiff against his former surgeon. Because the Defendant-surgeon is now a resident outside of the Commonwealth of Pennsylvania, this Court has diversity jurisdiction over the instant matter, and Pennsylvania substantive law applies.

### A. Pennsylvania's COM Filing Requirement

In Pennsylvania, a plaintiff or his attorney bringing a claim of professional liability against certain designated professionals – including health care providers – must file a COM with the Court hearing the case, either concurrently with filing of the Complaint or no later than sixty days thereafter. See, Pa. R. Civ. P. 1042.3 and 1042.1.

Pennsylvania Rule of Civil Procedure 1042.3(a) specifically reads as follows:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, **a certificate of merit signed by the attorney or party** that either
>
> \* \* \*
>
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> \* \* \*

> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> * * *
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa.R.Civ.P. 1042.3(a) (emphasis added). A plaintiff may move to extend the time for filing a COM, however such a motion must be made on or before the filing date the plaintiff seeks to extend. Pa.R.Civ.P. 1042.3(d).

As noted by the United States Court of Appeals for the Third Circuit, ". . . Pa.R.Civ.P. 1042.3 was created to ensure that professional negligence claims are meritorious, and the certificate of merit requirement prevents needless waste of judicial time and resources which would otherwise be spent on non-meritorious claims." *Liggon-Redding v. Estate of Sugarman,* 659 F.3d 258, 262-63 (3d Cir. 2011).

United States District Courts seated in Pennsylvania as well as the United States Court of Appeals for the Third Circuit have concluded that Pennsylvania's COM Rule (Pa.R.Civ.P. 1042.3) is substantive law that is to be applied when sitting in diversity. See, *e.g., Hodge v. U.S. Dept. of Justice,* 372 Fed.Appx. 264, 267 (3d Cir. 2010) (agreeing with District Court decision to dismiss claim under FTCA because plaintiff failed to file a COM required to establish his medical negligence claim); and *Weaver v. University of Pittsburgh Medical Center,* 2008 WL 2942139, *4 (W.D. Pa. July 30, 2008) (concluding that the COM rule is substantive law to be applied when sitting in diversity).

In *Womer v. Hilliker*, 908 A.2d 269 (Pa. 2006), a medical malpractice case, the Supreme Court of the Commonwealth of Pennsylvania noted that the plaintiff failed to timely file a COM as required by Pa.R.Civ.P. 1042.3. The Pennsylvania Supreme Court specifically stated:

> In our view, [the defendant's] position is the correct one, since [the plaintiff] took no steps to comply with Pa.R.C.P. No. 1042.3. Rule 1042.3 is clear and unambiguous in its mandate that in every professional liability action a specific representation about the plaintiff's claim must be filed in the official record in a document called a "certificate of merit" at the time the complaint is filed or within sixty days thereafter. Pa.R.C.P. No. 1042.3(a). Pa.R.C.P. No. 1042.8 provides that "the certificate required for filing by Rule 1042.3(a) shall be substantially in the following form . . . ," and displays a sample COM that shows precisely what Rule 1042.3 requires. Moreover, Pa.R.C.P. No. 1042.3(d), which allows for the filing and granting upon good cause shown of a motion to extend the time for filing a COM, sets forth the one and only step that a plaintiff is to take if he finds himself unable to secure a COM and desires to avoid the consequences of not satisfying Rule 1042.3(a)'s COM filing requirement in a timely fashion. [The plaintiff], however, did nothing of the sort. Rather, he served discovery materials on [the defendant], which included an expert report. In our view, this was no procedural misstep within the meaning of Pa.R.C.P. No. 126.[1] It was instead, a wholesale failure to take any of the actions that one of our rules requires, of the type that we have heretofore refused to overlook under Rule 126. See *Sahutsky*, 782 A.2d at 1001.
>
> \* \* \*
>
> The equitable doctrine we incorporated into Rule 126 is one of *substantial* compliance, not one of *no* compliance. We reiterate what our case law has taught: Rule 126 is available to a party who makes a substantial attempt to conform, and not to a party who disregards the terms of a rule in their entirety and determines for himself the steps he can take to satisfy the procedure that we have adopted to enhance the functioning of the trial courts. See *Sahutsky*, 782 A.2d at 1001; *Commonwealth v. Metz*, 534 Pa. 341, 633 A.2d 125, 127 (1993).

*Womer,* at 270-71 (emphasis in original).

---

[1] Pennsylvania Rule of Civil Procedure 126 reads, in pertinent part, that the Pennsylvania Rules of Civil Procedure are to be construed "liberally" such that "the court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.Civ.P. 126.

6

The Court in *Womer* also noted that Rule 1042.3 is subject to two "equitable exceptions:" first, the plaintiff's substantial compliance with the Rule, assuming there has been no prejudice to another party's rights, and second, the plaintiff's "reasonable explanation" or "legitimate excuse" for failure to fully comply. *Womer* at 279.

In his Brief in Support of his Motion to Dismiss, Defendant contends that Plaintiff's medical malpractice case should be dismissed because Plaintiff's failure to file a COM violates this substantive legal requirement under Pa.R.Civ.Pro. 1042.3(a). Defendant relies largely upon *Wormer* and subsequent cases (such as *Weaver, supra.*), in support of his position that the Rule requiring the timely filing of a COM is one of strict compliance. See *Weaver*, at *7 ("In light of the strict interpretation of Rule 1042.3 in *Womer*, the *Stroud* court concluded it was compelled to dismiss the plaintiff's corporate negligence claim without prejudice, but was equally compelled to allow him to present a "reasonable explanation or legitimate excuse for non-compliance" with the COM requirement and that "equitable considerations may excuse noncompliance in the appropriate case." *Stroud*, 546 F.Supp.2d at 256.)

In response to Defendant's position advocating that this Court enforce strict compliance with Rule 1042.3, Plaintiff admits he failed to file a Certificate of Merit within the proscribed time limit, but argues that (1) he is distinguishable from the plaintiff in *Womer*, and (2) that he should be "granted an 'equitable exception'" per the portion of the *Womer* decision that permits same. See doc. no. 10, ¶ 12, and doc. no. 15.

In support of his position, Plaintiff argues that he, unlike the plaintiff in *Womer,* obtained a letter from a medical expert (a prerequisite necessary to preparing a COM) prior to his filing the Complaint in this lawsuit, and his "associate" merely failed to attach it to the Complaint. He argues that this inadvertent clerical error, on the part of his "associate" is not equivalent to the

Plaintiff's failure to have a COM prepared in *Womer*. Plaintiff relies in large part on *Sabo v. Worrall,* 959 A.2d 347 (Pa.Super. 2008), arguing that the "inadvertent clerical mistake(s)" which his attorney made should be forgiven, thereby enabling his case to proceed.

In *Sabo,* the plaintiff filed a complaint seeking damages for a patient's wrongful death. The defendant physicians and hospital obtained entries of judgment *non pros* – under Pa. R.Civ.P. 1042.6 – after the plaintiff failed to timely file certificates of merit (COMs). The plaintiff filed a petition to open the judgments of *non pros*, but the trial court denied the petition. On appeal, the Pennsylvania Superior Court reversed the lower court's denial of the plaintiff's petition to open the judgments.

The Superior Court began by noting that the plaintiff's attorney's affidavit attached to the petition to open the *non pros* judgment, averred that within several days of filing the complaint, COMs were prepared and placed in counsel's file. The affidavit in *Sabo* indicated that plaintiff's attorney believed the COMs were filed in state court by his paralegal, but the lawyer recognized his assumption was erroneous upon the entry of the *non pros* judgments. After the trial court refused to grant the plaintiff's request to open the judgments, the plaintiff's attorney argued on appeal that his failure to assure that his paralegal had actually filed the COMs was excusable as a mere clerical oversight. *Id.* at 349.

Next, the Superior Court in *Sabo* examined the decision of the Supreme Court in *Womer* and distinguished it as follows:

> In this Court's view, [the plaintiff's] failure to file a COM was not a procedural mistake, but neither was it a wholesale failure to take any action required by our Rules of Civil Procedure concerning a COM. Unlike in *Womer*, Appellant here did prepare a COM, and the failure to file was an inadvertent mistake or oversight by counsel's paralegal. In contrast, [the plaintiff] in *Womer* took it upon himself to conclude that submitting an expert's report to the opposition "substantially complied with Pa.R.C.P. 1042.3." *Womer*, 908 A.2d at 280. Such was not the case *sub judice*.

959 A.2d at 351-52. The Court then held that the defendants in the *Sabo* case were not prejudiced by allowing the plaintiff's untimely filing of a COM, nor was the spirit of Rule 1042.3 (curtailing meritless malpractice suits) compromised. Finally, the Court in *Sabo* noted that unlike *Womer*, the filing of the COM was not impeded by any intent to substitute an alternative document for a COM. *Id.* at 352.

Here, Plaintiff also argues that the United States Court of Appeals for the Third Circuit in *Booker v. U.S.*, 366 Fed.Appx. 425, (3d Cir. 2010), "cited approvingly and relied upon" the *Sabo* decision for the proposition that even when an inadvertent clerical error occurs, "substantial compliance" with a rule can be met. See doc. no. 15, p. 6-7.

**B. Application of the Law**

The facts of this case present a difficult decision for this Court. On the one hand, a literal reading of *Wormer* suggests that where a plaintiff takes "no action" and utterly fails to file a COM as required by the Rule, dismissal is warranted. Defendant contends that this is precisely what occurred here – Plaintiff's took no action to file a COM along with his medical malpractice Complaint in direct contravention of Pennsylvania's requirement. Conversely, Plaintiff argues that *Sabo* and *Booker* are more akin to his own case and thus provide the "substantial compliance" with Rule 1042.3 so as to enable his lawsuit to survive the pending Motion to Dismiss.

Although this Court certainly recognizes the Pennsylvania Superior Court's and the United States Court of Appeals' decisions in *Sabo* and *Booker*, respectively, the Court disagrees with Plaintiff's position that the facts of this case and the "inadvertent clerical error" made by Plaintiff's counsel, here, are akin to facts and mistakes set forth in *Sabo* and *Booker*.

9

One key distinction is that in both *Sabo* and *Booker* a COM was actually prepared but not filed. Here, there is no averment supplied by Plaintiff's counsel that a COM was ever prepared. Another key distinction is that in both *Sabo* and *Booker,* the clerical mistakes were made by clerical or lay people, not attorneys trained in the law. In *Sabo*, a paralegal failed to file the COM. In *Booker*, the filer was an incarcerated *pro se* plaintiff. Here, it appears as though an attorney failed to file the requisite COM – not an untrained cleric or *pro se* plaintiff.

The affidavit filed by Plaintiff's counsel states (in relevant part) as follows:

> 7. The whole point of obtaining Dr. Bessler's letter was to file a Certificate of Merit. Its language is obviously and specifically tailored to that purpose.
>
> 8. Dr. Bessler's letter was placed in a manila folder labeled "Certificate of Merit," in anticipation of filing the Certificate with the Complaint, which is our standard procedure in medical malpractice cases.
>
> 9. It was only after we received Dr. Bessler's that we actually proceeded to draft the Complaint against [Defendant].
>
> 10. After [the Complaint] was drafted, I asked an associate to file the Complaint, and obviously the Certificate of Merit as well for me.
>
> 11. The Complaint was filed electronically on March 19, 2014.
>
> 12. I believed and assumed that a Certificate of Merit had been filed simultaneously with the Complaint, which had been the whole purpose to of hiring Dr. Bessler in the first place.

Importantly, there is no indication in Plaintiff's attorney's affidavit that a COM was ever prepared, let alone who prepared it and when it was prepared. Also important is Plaintiff's counsel's use of the word "associate" which connotes that an attorney (not a clerical or lay person) was assigned the task of filing the [C]omplaint and "obviously the Certificate of Merit."

In this case, there is no evidence before the Court indicating that an actual COM was ever created by Plaintiff, Plaintiff's counsel, or another attorney working on the case as required by

Rule 1042.3(a). Plaintiff's counsel has admitted that a COM was never filed, but was silent as to whether a COM was actually prepared. Furthermore, the person charged with the task of filing the Complaint and the COM in the instant matter, assuming that either Plaintiff or his attorney prepared one, is labeled as an "associate" – a label which gives this Court pause.

Given the set of facts presented here, specifically the lack of evidence proffered by Plaintiff suggesting that an actual COM was actually prepared upon receipt of the letter from Dr. Bessler, and as well as the identity of the failing filer as an "associate," the Court is constrained to rule in favor of Defendant and thereby grant the Motion to Dismiss.

The Court acknowledges Plaintiff's argument that if this lawsuit had been brought in state court his client would have had the benefit of filing a petition to open of judgment of *non pros*. Unfortunately for Plaintiff, this lawsuit was brought in Federal Court, where such a procedure does not exist, and thus, the Court is again constrained to enter judgment in favor of Defendant. Even if such a procedure were to exist here, Plaintiff would still have to prove "inadvertent clerical error" which this Court addressed above, and found insufficient facts to support such a conclusion.

## IV. Conclusion

Based on the foregoing facts and authority, and for the reasons stated expressly above, Defendant's Motion to Dismiss shall be granted. An appropriate Order shall follow.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:   All Registered ECF Counsel and Parties